UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22081-BLOOM/Elfenbein

SHERVIN PISHEVAR,
an individual,

      Plaintiff,

v.

HOTELS.COM, a foreign
limited liability partnership,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Hotels.com's Motion to Dismiss, ECF No. [5], filed on June 6, 2024. Plaintiff Shervin Pishevar filed a Response in Opposition, ("Response"), ECF No. [15], to which Defendant filed a Reply, ECF No. [20]. The Court has reviewed the Motion to Dismiss, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motion to Dismiss is granted.

### I.    BACKGROUND

Plaintiff brings an action for damages resulting from Defendant's alleged acts and omissions regarding the fraudulent use of Plaintiff's American Express Centurion Card for hotel reservations to unknown third parties. *See* ECF No. [1-1].

Plaintiff alleges that, in late 2018, he held an American Express Centurion Card, ending in -5008 ("Stolen Card Number") that was canceled and a new Centurion Card with a new card number was issued for Plaintiff's account. *Id.* at ¶ 14-15. Beginning around December 2018, fraudulent charges attached to Hotels.com reservations began being made to Plaintiff's account. *Id.* at ¶ 17. The charges continued undetected, in ever-increasing frequency, through January 2022.

*Id.* In late 2018 through mid-2019, a new fraudulent Hotels.com reservation was charged to the Stolen Card Number once every few days. *Id.* at ¶ 18. By late summer 2019, one or two new Hotels.com reservations would be charged to the Stolen Card Number every day. *Id.* By early to mid-2021, three to five new, separate Hotels.com reservations would be charged to the Stolen Card Number almost every day. *Id.*

The charges were made to Plaintiff's personal card from a Hotels.com account not associated with Plaintiff, under the name of unknown third parties. *Id.* at ¶ 20. Defendant accepted and processed the fraudulent charges, even though they were made using a card that had been canceled by early 2019. *Id.* at ¶ 4. Plaintiff attaches a complete list of the fraudulent charges made on his card that have been identified thus far. *Id.* at 50-256. Plaintiff ultimately paid the charges to his card. *Id.* at ¶¶ 35, 44. Plaintiff does not have a Hotels.com account. *Id.* at ¶ 22.

Plaintiff was first notified of the fraudulent charges in January 2022. *Id.* at ¶ 25. Plaintiff immediately took steps to challenge the charges and notify American Express. *Id.* Nearly fifteen months after Plaintiff first reported the fraudulent charges to American Express, Plaintiff received notification that American Express refused to reverse the charges, and his fraud claim would be closed. *Id.* at ¶ 26. Plaintiff alleges that American Express contacted Hotels.com requesting "chargebacks," for the fraudulent charges. *Id.* at ¶ 27. Plaintiff contends, though, that Defendant failed to conduct a reasonable investigation and declined the requested "chargebacks." *Id.* at ¶ 28.

The Complaint asserts five Counts: (I) Unjust Enrichment; (II) Money Had and Received; (III) (Alternative Claim) Breach of Contract; (IV) Negligence; and (V) Conversion.

Defendant moves to dismiss the Complaint on three bases: (1) Plaintiff had the apparent authority to authorize the charges; (2) Plaintiff fails to state any cause of action; and (3) any claims based on allegedly fraudulent charges made before August 23, 2019 are barred by the statute of

limitations. ECF No. [5] at 2. Defendant seeks dismissal with prejudice and argues that any amendment would be futile. *Id.*

Plaintiff responds that the Complaint does not establish his claims are barred by apparent authority, and the application of the apparent authority defense requires an intense factual analysis that the Court cannot undertake at this early stage in the litigation. ECF No. [15] at 4, 9. Further, Plaintiff contends the Complaint sets forth sufficient facts to state claims for relief. *Id.* at 10-19. Finally, Plaintiff clarifies that for his unjust enrichment, money had and received, negligence, and conversion claims, he is not seeking recovery for the fraudulent transactions pre-dating August 22, 2019. *Id.* at 19. However, Plaintiff is seeking recovery for all damages sustained from December 2018 forward for his breach of contract claim. *Id.* Plaintiff seeks leave to amend the Complaint should the Court find it is deficient in any way. *Id.* at 20.

Defendant replies that Plaintiff's failure to check his credit card statements for multiple years and his continued payment of allegedly fraudulent charges constitute a negative omission on which Defendant was entitled to rely in processing the transactions. ECF No. [20]. Defendant contends that Plaintiff's claims fail because Plaintiff cannot establish that Defendant owed him any duty or that Defendant's actions were the proximate cause of the alleged injury. *Id.* at 11-14.

## II.   LEGAL STANDARD

### A.  Motion to Dismiss

On a motion to dismiss, the Court must take the factual allegations in the complaint as true and draw all inferences in favor of Plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) ("We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits."). "On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be

dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "A facially plausible claim must allege facts that are more than merely possible. . . . But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro*, 693 F.3d at 1337 (internal citations omitted).

### B. Futility of Amendment

Rule 15 of the Federal Rules of Civil Procedure directs that before trial, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the complaint is futile. *Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

## III.   DISCUSSION

### A. Apparent Authority

Under Florida agency law, apparent authority "is a form of estoppel [that arises] from 'the authority a principal knowingly tolerates or allows an agent to assume, or which the principal by his actions or words holds the agent out as possessing.'" *Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1312 (11th Cir. 2019) (quoting *Regions Bank v. Maroone Chevrolet, L.L.C.*, 118 So. 3d 251, 255 (Fla. 3d DCA 2013)). If a principal clothes another "with an apparent authority to act for it . . . and persons deal with him in good faith, it will be bound to the same extent precisely as if such apparent authority were read." *Johnson v. Chase Bankcard Servs., Inc.*, 582 F. Supp. 3d 1230, 1240 (M.D. Fla. 2022) (quoting *Jacksonville Am. Pub. Co. v. Jacksonville Paper Co.*, 143

Fla. 835, 851 (Fla. 1940)). To establish apparent authority, a litigant must prove: "(1) a representation by the purported principal; (2) a reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation." *Marchisio*, 919 F.3d at 1312. As to the third element, the reliance must be reasonable. *See All Seasons Condo. Ass'n, Inc. v. Patrician Hotel, LLC*, 274 So. 3d 438, 449 (Fla. 3d DCA 2019).

Defendant argues that Plaintiff is deemed to have authorized the charges as a matter of law under the apparent authority doctrine because Plaintiff failed to notice, and ultimately paid for, the fraudulent charges for three years. ECF No. [5] at 11. Defendant contends that Plaintiff's negligence in failing to discover the allegedly fraudulent charges represented that the charges were authorized. *Id.* at 12-13. Plaintiff responds that there are no facts alleged that are sufficient to conclusively prove Plaintiff should have been aware of the charges and was negligent in failing to make this discovery. ECF No. [15] at 6. Plaintiff argues that Defendant intentionally misconstrues Plaintiff's allegations that Defendant failed to detect suspicious fraudulent transactions to suggest that Plaintiff admitted the impropriety of the charges was "facially apparent" to him. *Id.* at 7-8. Further, Plaintiff contends that the failure to review bank statements alone does not warrant a finding of apparent authority. *Id.* at 8. Defendant replies that it is reasonable to infer that American Express complied with federal law and provided Plaintiff monthly credit card statements that contained a brief identification of the transaction. ECF No. [20] at 6; *see* 15 U.S.C. § 1637(b)(2). Defendant asserts the statements should have alerted Plaintiff to the fraudulent charges. ECF No. [20] at 6.

Defendant primarily relies on *Johnson v. Chase Bankcard Servs., Inc.*, 582 F. Supp. 3d 1230 (M.D. Fla. 2022), to argue that Plaintiff provided apparent authority by negligently failing to notice fraudulent charges made to his accounts. In *Johnson*, an employee of the plaintiff opened a

credit card in the plaintiff's name and withdrew $180,567.00 from the plaintiff's personal and business accounts over the span of three years. 582 F. Supp. 3d at 1233. Throughout this time, the plaintiff routinely paid the balance on the created account using his personal and business checking accounts and did not review any bank statements. *Id.* at 1233. In considering whether the charges were made with apparent authority, the court recognized how a finding of apparent authority can be based on the principal's negligence. 582 F. Supp. 3d at 1240 ("[N]egligent acts or omissions of [the principal] may create apparent authority[.]" (quoting *Minskoff v. Am. Express Travel Related Servs. Co., Inc.*, 98 F.3d 703, 708 (2d Cir. 1996))). The court concluded that the plaintiff was negligent in failing to review a single bank statement because his employee had unsupervised access to his bank account information, his checkbooks, and his personal identifying information. Those actions constituted omissions sufficient to satisfy the first element of apparent authority. *Id.* at 1240.

However, here, the Complaint lacks similar facts. While Plaintiff alleges that he ultimately paid the fraudulent charges, no facts indicate that those payments were made regularly, as was admitted in *Johnson*. ECF No. [1-1] at ¶¶ 35, 44; 582 F. Supp. 3d at 1234. Further, in *Johnson*, the record revealed that the plaintiff received monthly bank statements but ultimately delegated review of his accounts to an employee and never reviewed her work. 582 F. Supp. 3d at 1234. Defendant contends that the only plausible inference here is that Plaintiff received similar monthly bank statements that identified the fraudulent charges and Plaintiff failed to review them. ECF No. [20] at 7. Drawing all reasonable inferences in favor of Plaintiff, the Court cannot draw such a conclusion from the allegations. The statements attached to the Complaint reflect the amount of each charge, the date, and the description. ECF No. [1-1] at 50-256; *see Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that a "court can generally consider exhibits attached

to a complaint in ruling on a motion to dismiss"). At most, those statements reflect that charges were made to Hotels.com on Plaintiff's card and the date on which the transactions were made. But no facts in the Complaint allege that Plaintiff received bank statements and did not review them. Thus, a finding of apparent authority is improper at this juncture.

### B.  Failure to State a Claim

#### a.  Unjust Enrichment and Money Had and Received Claims

Under Florida law, the elements for unjust enrichment and money had and received are the same. *See Francois v. Hatami*, 565 F. Supp. 3d 1259, 1269 (S.D. Fla. 2021). Plaintiff must allege that "(1) the plaintiff conferred a benefit on the defendant, (2) the defendant voluntarily accepted and retained that benefit, and (3) 'the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.'" *Id.* (quoting *James D. Hinson Elec. Contracting Co., Inc. v. BellSouth Telecomms., Inc.*, 275 F.R.D. 638, 646 (M.D. Fla. 2011)).

Defendant seeks dismissal of Plaintiff's claims for unjust enrichment and money had and received for three reasons. First, Defendant argues it gave adequate consideration for the benefit conferred—i.e., Defendant provided its reservation services. ECF No. [5] at 15. Further, Defendant states that Plaintiff has an adequate remedy at law: either recover his money from the fraudsters or American Express pursuant to the terms of his cardholder agreement. *Id.* Finally, Defendant asserts Plaintiff relies on the illegal use of his credit card to establish the "unjust" element. *Id.* at 15-16. Plaintiff responds that it is impossible to know at this stage whether Defendant rendered adequate consideration. ECF No. [15] at 10-11. Plaintiff alleges that whether an adequate remedy at law exists to prevail on an unjust enrichment claim is not dispositive. *Id.* at 12. Plaintiff further contends that Florida law makes no distinction between wrongful, and unjust, enrichment. *Id.* at 13.

"When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails." *Suzmar, LLC v. First Nat'l Bank of S. Mia.*, 388 So. 3d 852, 856 (Fla. 3d DCA 2023) (quoting *Am. Safety Ins. Servs., Inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. 5th DCA 2007)). Defendant contends that because it provided its reservation service, Plaintiff's claims fail. In *Suzmar*, an individual used multiple LLCs as security for a $5.5 million loan provided by the defendants. 388 So. 3d at 854. Upon default, the defendants assessed the LLCs for repayment, and the LLCs in turn filed suit for unjust enrichment and negligence. *Id.* The court concluded that the LLCs failed to state a claim for relief because "the $5.5 million loan was adequate consideration to someone related to the LLCs for the benefit conferred." *Id.* at 856; *see also Hakim-Daccach v. Knauf Int'l GmbH*, 2017 WL 5634629, at *4 (S.D. Fla. Nov 22. 2017) (finding that unjust enrichment claim fails because the plaintiff did not allege facts upon which the Court can infer that the defendants did not provide adequate consideration).

Here, Plaintiff argues that it is unclear whether Defendant ultimately provided the third parties with reservation services in return for each of the reservations made. However, Plaintiff alleges that "Hotels.com allowed unknown third parties to make thousands of Hotels.com reservations using Mr. Pishevar's American Express card," and "Hotels.com makes a commission of approximately 30% of the value of each hotel reservation through its website." ECF No. [1-1] at ¶¶ 2, 29. The facts alleged in the Complaint establish that Defendant provided reservation services, thus providing adequate consideration to someone for the benefit conferred. *See* 388 So. 3d at 856. While Plaintiff contends that the illegal use of his credit card by a third-party amounts to being unjust, Defendant was not unjustly enriched based on the facts alleged. Thus, Plaintiff is

unable to state causes of action for unjust enrichment and money had and received. Accordingly, Counts I and II are dismissed.[1]

### b. Breach of Contract Claim

Defendant contends that Plaintiff has failed to establish that the purported contract between American Express and Defendant intended to benefit Plaintiff as a third-party beneficiary. ECF No. [5] at 16-17. Plaintiff responds that intent is an issue more appropriate for summary judgment. ECF No. [15] at 15. To plead a cause of action for breach of contract of a third-party beneficiary contract, the third-party beneficiary must prove: (1) the existence of the contract; (2) clear or manifest intent of the parties that the contract primarily and directly benefits the third party; (3) breach of that contract by a contracting party; and (4) damages to the third-party resulting from the breach. *Steadfast Ins. Co. v. Corp. Prot. Sec. Grp., Inc.*, 554 F. Supp. 2d 1335, 1338 (S.D. Fla. 2008). To infer intent, "[a] third party must establish that the contract either expressly creates rights for them as a third party or that the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1312 (S.D. Fla. 2011) (quoting *Greenacre Props., Inc. v. Rao*, 933 So. 2d 19, 23 (Fla. 2d DCA 2006)). The third party need not necessarily be named as "long as the contract refers to a well defined class of readily identifiable persons that it intends to benefit." *Id.* (quoting *Polo Ralph Lauren, L.P. v. Tropical Shipping & Constr. Co., Ltd.*, 215 F.3d 1217, 1222 (11th Cir. 2000)). Further, "intent may be inferred by the pre-contract and post-contract actions of the parties." *Steadfast Ins. Co.*, 554 F. Supp. 2d at 1338.

Plaintiff alleges that "upon information and belief," an agreement exists between American Express and Defendant, and such agreement contains provisions intended to protect American

---

[1] Because the Court dismisses Counts I and II for failure to allege that Defendant's conduct was inequitable, the Court does not reach Defendant's remaining arguments on this issue.

Express cardholders from the fraudulent use of their cards on Defendant's site. ECF No. [1-1] at ¶ ¶ 49, 50, 51. "While 'information and belief' pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim. . . . 'Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.'" *Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (quoting *Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016)); *Belik*, 864 F. Supp. 2d at 1313 ("Plaintiff may generally allege intent, but the intent alleged must then be specific.").

Even assuming a contract exists between American Express and Defendant, the Complaint fails to contain factual support that this purported contract contains a provision that primarily and directly benefits Plaintiff. For example, in *Belik*, 864 F. Supp. 2d at 1312-13, the Court denied a motion to dismiss because, although the plaintiff generally alleged intent, the complaint contained specific allegations that a contract existed and it referenced provisions concerning the safety of the passengers. The present case is more comparable to *Caretta*, 647 So. 2d at 1031-32, where a breach of contract claim failed because the complaint had no facts establishing the existence of a contract, let alone one intended to benefit the plaintiff. Similarly, here, Plaintiff fails to allege intent to support his status as a third-party beneficiary. Further, the Complaint contains no allegations regarding American Express or Defendant's actions that would establish intent. *See Steadfast Ins. Co.*, 554 F. Supp. 2d at 1338. Accordingly, Count III is dismissed. To the extent that Plaintiff can sufficiently allege that a contract between American Express and Defendant exists for his benefit, Count III is dismissed without prejudice.

### c. Negligence

Defendant argues that Plaintiff's negligence claim must be dismissed because Plaintiff failed to allege that Defendant owes him any duty. ECF No. [5] at 18. Plaintiff responds that because Defendant provides a service to others, it owes a reasonable care to not put others at an undue risk. ECF No. [15] at 16-18.

Duty is the "minimum threshold legal requirement that opens the courthouse doors . . . and is ultimately a question of law for the court rather than a jury." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (quoting *William v. Davis*, 974 So. 2d 1052, 1057 n.2 (Fla. 2007)). Duty may arise from four general sources: "(1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). Generally, no duty exists to prevent the misconduct of third persons. *See, e.g.*, *Boynton v. Burglass*, 590 So. 2d 446 (Fla. 3d DCA 1991).

The fourth source of duty encompasses classes of "cases in which the duty arises because of a foreseeable zone of risk arising from the acts of the defendant." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 n.2 (Fla.1992)). Defendant contends that the zone of risk associated with operating its online reservation service could not possibly extend to Plaintiff, who has no Hotels.com account. Plaintiff cites to this Court's decision in *Brush v. Mia. Beach Healthcare Grp., Ltd.*, 238 F. Supp. 3d 1359 (S.D. Fla. 2017), where the Court recognized that "entities that collect sensitive, private data from consumers and store that data on their networks have a duty to protect that information[.]" Plaintiff argues that Defendant had a duty to protect its consumers sensitive financial data. While true, Plaintiff's claims are not related to a leak of financial data. Further, under this theory, Plaintiff is not a consumer on Defendant's website. As alleged in the

Complaint, Plaintiff did not have a Hotels.com account. ECF No. [1] at ¶ 20, 22. Thus, the zone of risk does not extend to Plaintiff.

Plaintiff further argues that because Defendant allowed its website to be used to make online reservations, it assumed a duty to act carefully. "Whenever one undertakes to provide a service to others, whether one does so gratuitously or by contract, the individual who undertakes to provide the service . . . thereby assumes a duty to act carefully and to not put others at an undue risk of harm." *Id.* at 1186. This doctrine extends a duty to third parties. *Clay Elec.*, 873 So. 2d at 1186. However, the undertaker doctrine is inapplicable to cases, such as the present case, that allege an economic harm. *See, e.g.*, *in re Jan. 2021 Short Squeeze Trade Litig.*, 76 F.4th 1335, 1353 (11th Cir. 2023) ("[T]he common-law undertaker doctrine is limited to physical harms, not economic ones."); *Tolz v. GEICO Ins. Co.*, 2009 WL 10667547, at *4-5 (S.D. Fla. July 16, 2009) (noting that the undertaker's doctrine is unavailable where the alleged harm is economic and not physical). Thus, Plaintiff has failed to establish that Defendant owed Plaintiff a duty. Accordingly, Count IV is dismissed.

### d.  Conversion

Defendant contends that Plaintiff's conversion claim fails because the specific money Plaintiff lost is not capable of identification. ECF No. [5] at 19. Plaintiff argues that the money is capable of identification because the transaction dates reflect when the charges were made. ECF No. [15] at 19. "Conversion is defined as an 'act of dominion wrongfully asserted over, and inconsistent with, another's possessory rights in personal property.'" *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1285 (S.D. Fla. 2021) (quoting *Joseph v. Chanin*, 940 So. 2d 483, 486 (Fla. 4th DCA 2006)). "A conversion claim for money also requires proof that the funds are specific and identifiable." *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x.

263, 272 (11th Cir. 2009). However, the fact that the amount is certain does not mean that the money is an "identifiable fund." *See Frayman*, 515 F. Supp. 3d at 1286. Money is capable of identification if "it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where the wrongful possession of such property is obtained." *Tambourine*, 312 F. App'x. at 273 (quoting *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970) ("A mere obligation to pay money may not be enforced by a conversion action.")).

Here, even though Plaintiff can identify the date of the transactions, the Complaint is devoid of any allegations that the funds are held in a specific account or can be traced to a specific location. Thus, Plaintiff has failed to adequately plead a conversion claim. Accordingly, Count V is dismissed.[2]

## C. Futility of Amendment

In his Response, Plaintiff seeks leave to amend. Amendment is futile "when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Here, Plaintiff contends the "allegations are sufficient to allow [Plaintiff] to conduct discovery in an attempt to prove [the] allegations." ECF No. [15] at 20 (quoting *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1580 (11th Cir. 1986)). However, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302,

---

[2] Because the Court dismisses Plaintiff's claims for failure to state a cause of actions, the Court does not address whether the claims are barred by the statute of limitations.

1314 (S.D. Fla. 2011) ("Plaintiff's attempt to reverse the logical sequence in litigation—claim first, discovery later—is unavailing.").

Even if amended, Plaintiff lacks viable claims for unjust enrichment, money had and received, negligence, and conversion. The Complaint, as alleged, establishes that Defendant provided adequate consideration for the benefit it received because Defendant provided reservations. Further, as set forth in the Complaint, Defendant owed no duty to Plaintiff, and thus, amendment to his negligence claim would be futile. Finally, the fraudulent charges are not specific and identifiable, as the funds cannot be traced to a specific location. Because Counts I, II, IV, and V are legally insufficient, those Counts are dismissed with prejudice. Nevertheless, to the extent that Plaintiff can sufficiently allege the existence of a contract for his benefit between American Express and Defendant, Count III is dismissed without prejudice.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion**, ECF No. [5],** is **GRANTED**. Counts I, II, IV, and V are **DISMISSED WITH PREJUDICE**. Count III is dismissed **WITHOUT PREJUDICE**.

2. Plaintiff may file an amended complaint no later than **on or before November 12, 2024**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 28, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record